1
2
3
4

LILIA BULGUCHEVA, ESQ.  (SBN 291374)
BULGUCHEVA LAW, p.c.
185 Front Street, Suite 107A
Danville, California 94526
Telephone: (925) 854-2926
Facsimile: (925) 886-8017
Email: *lilia@bulguchevalaw.com*

5
6

Attorneys for Plaintiff
SANDRA L. SOUZA

7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| SANDRA L. SOUZA,<br><br>                     Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; and DOES 1 – 10,<br><br>        Defendants. | Case No.  3:19-cv-01303<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1. THE ELECTRONIC FUND TRANSFER ACT;**<br>**2. CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq*.;**<br>**3. FINANCIAL ELDER ABUSE; and**<br>**4. NEGLIGENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

21
22
23
24

Plaintiff Sandra L. Souza (hereinafter, "Plaintiff"), alleges the following on information and belief against Defendants Bank of America, National Association and DOES 1 – 10, (collectively, "Defendants"):

25

## **INTRODUCTION**

26
27
28

1.      Defendants violated the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §1693, *et seq*., and the rules and regulations thereunder, the California Business and Professions Code §§ 17200, *et seq*., and state common law by failing

to conduct a good-faith investigation into fraudulent, unauthorized withdrawals from Plaintiff's Bank of America checking account; improperly holding Plaintiff liable for the fraud on her account; and engaging in other misconduct as alleged throughout this Complaint.  As a result of Defendants' failure to comply with their legal obligations, Plaintiff was forced to incur significant unauthorized charges to her checking account.

2.      Plaintiff seeks general and specific damages, along with restitution, reasonable costs, exemplary and punitive damages, and attorney's fees.

## PLAINTIFF

3.      At all times relevant to this Complaint, Plaintiff Sandra L. Souza was a customer of Defendant Bank of America and its subsidiaries, and an adult resident of Concord, County of Contra Costa, State of California.

4.      Plaintiff is a "consumer" as defined by the Electronic Fund Transfer Act, 15 U.S.C. § 1693a(6), because she is a natural person who had an account held by a financial institution, and who was issued an access device by that financial institution and entered into an agreement with that financial institution for the provision of electronic fund transfer services.

## DEFENDANTS

5.      Defendant Bank of America, National Association, ("Bank of America"), is a national banking association with its principal place of business in Charlotte, North Carolina. At all times relevant to this Complaint, Bank of America was authorized to conduct business in the State of California.

6.      Defendant Bank of America is a "financial institution" as defined by the Electronic Fund Transfer Act, 15 U.S.C. §1693a(9), because it is a national bank and directly or indirectly holds accounts belonging to consumers or issues an access device and agrees with consumers to provide electronic fund transfer services.

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.     The true names and capacities of the Defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes, and therefore alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as herein alleged.  Any reference in this Complaint to "Defendants" also refers to Defendants 1-10.

8.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant, including each of the DOE defendants, was the agent, ostensible agent, servant, aider and abettor, co-conspirator, partner, joint venturer, representative and/or associate of each defendant, and was at all times relevant herein acting within the course and scope of his, her or its authority as agent, ostensible agent, servant, aider and abettor, co-conspirator, partner, joint venturer, representative and/or associate, and with the knowledge, authorization, consent, permission, and/or ratification of each defendant.  On information and belief, all actions of each Defendant alleged herein were ratified and approved by the officers and/or managing agents of each defendant, whether DOE or otherwise.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's claim under the Electronic Fund Transfer Act ("EFTA") pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the other state law claims pursuant to 28 U.S.C. §1367, because those other California state law claims arise from the same case and controversy as the EFTA claims.

COMPLAINT FOR DAMAGES

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

### I. *Fraud on Plaintiff's Bank of America Account*

11. Plaintiff Sandra L. Souza is a 77-year-old woman residing in Concord, California with her daughter and son-in-law. Plaintiff opened a checking account ending in 4214 with Bank of America and has been a loyal customer for over 50 years. However, the first time Plaintiff opened a claim for two unauthorized charges to her checking account, Bank of America failed to conduct a good-faith investigation of this claim, improperly held her responsible for the fraud on her account, and force-closed the subject checking account.

12. Between May 17, 2018 - June 20, 2018, Plaintiff traveled to Israel on an archeological trip (a trip she has taken over 25 times).

13. In mid-July 2018, Plaintiff was made aware of two unauthorized charges to her account, which appear to have posted on June 20, 2018: (1) $4,132.80 and (2) $3,000.00. Plaintiff immediately called Bank of America and filed a claim in connection with these charges (Claim # 180708504167) (the "Claim").

14. In addition to these unauthorized charges, Plaintiff incurred the following fees related to this Claim: international transaction fees in the amount of $213.98 and overdraft fees in the amount of $560.00.

15. Plaintiff is unsophisticated when it comes to "white card fraud" and how debit cards might be subjected to unauthorized transactions through the use of "skimmers" and other unlawful devices. When Bank of America asked Plaintiff how these unauthorized transactions were charged to her account, Plaintiff brought up a suspicious incident which occurred on her trip, wherein she was surrounded at

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a market by several men.  Plaintiff indicated that, in her opinion, this incident could have been related to the Claim.

16.     On July 18, 2018, Bank of America notified Plaintiff that it would issue a temporary credit for $7,132.80 while it conducts its investigation of the Claim.

17.     Two days later, on July 20, 2018, Bank of America sent another letter stating that its investigation was now complete and that it was closing the Claim because its "records show[ed] the transaction activity in question was authorized and posted correctly to [Plaintiff's] account."  As a result, the temporary credit of $7,132.80, and any fees related to the Claim, were removed.

18.     None of the generic letters sent by Bank of America to Plaintiff notifying her of this decision explained why Defendants had decided to hold Plaintiff responsible for the fraudulent transactions.

19.     Between July 20, 2018 and February 2019, Plaintiff continued to plead with Bank of America to reconsider its decision of the Claim because of its significant negative impact on Plaintiff's financial condition and emotional distress, including but not limited to, a transient ischemic attack, a panic attack and a small stroke which required hospitalization and might require a repeat cardiac ablation surgery.

20.     Plaintiff had always been a loyal customer and, in over 50 years, had never opened a claim for unauthorized charges to her account.  Suddenly, Plaintiff found her account overdrawn and with no help from her banking institution to resolve the fraudulent withdrawals from her checking account.

21.     When Plaintiff asked Bank of America's Fraud Department to identify the factors on which its decision was made, it became abundantly clear that the Defendants failed to conduct a good-faith investigation before denying the Claim. For example, the Fraud Department representatives first stated that the transactions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

were authorized by Plaintiff via a text message to Plaintiff's phone number that is linked to the account. However, when Plaintiff pointed out that this phone number is a landline, the representatives suddenly changed their narrative and said that the transactions must have been approved via a phone call with a Bank of America representative. Instead, Plaintiff was in-flight on June 20, 2018, and could not have spoken to any representatives on that day. Moreover, Bank of America confirmed that its Fraud/Claims Department had not event attempted to contact the two merchants that charged these two unauthorized transactions to address the Claim.

22.     Sadly, Plaintiff's multiple attempts to convince Bank of America to conduct a thorough investigation failed. On January 29, 2019, Bank of America sent a letter thanking Plaintiff for her recent inquiry "requesting that [they] re-evaluate the …claim," and stating that their original determination was correct. On information and belief, this account was force closed by Bank of America on January 24, 2019.

## II.     Electronic Fund Transfer Act and Regulation E

23.     The federal Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. §1693, *et seq.*, provides "a basic framework establishing the rights, liability and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. §1693(b). Regulation E (Reg. E) is the set of federal regulations whose stated purpose is to carry out the purposes of the EFTA. 12 C.F.R. §1005, *et seq.*

24.     The EFTA's primary purpose is "the provision of individual consumer rights." 15 U.S.C. §1693(b).

25.     Under the EFTA, a financial institution must follow specific "error resolution" procedures after a consumer disputes an "error," which includes an unauthorized electronic fund transfer. 15 U.S.C. §1693f(f)(1). The error resolution procedures require that a financial institution "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such

investigation and determination to the consumer within ten business days." 15 U.S.C. §1693f(a)(3).

26.    If a financial institution denies a consumer's claim of error, it must explain its findings and, upon the consumer's request, provide the consumer with copies of the documents it relied upon in its investigation to conclude that an error did not occur.  15 U.S.C. §1693f(d); 12 C.F.R. §1005.11(d).

27.    Upon information and belief, banks routinely violate the EFTA and Regulation E by imposing liability on customers, particularly lower-income customers, by claiming or implying that customers are responsible for the disputed transactions.

28.    A consumer may recover actual damages, plus an additional sum in the $100-$1,000 range, the costs of the action, and a reasonable attorneys' fees, for a bank's violations of the EFTA.  15 U.S.C. §1693m(a)(1)-(3).

29.    A court may award treble damages if it finds that a financial institution "did not make a good faith investigation of the alleged error," "did not have a reasonable basis for believing that the consumer's account was not in error," or "knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation."  15 U.S.C. §1693f(e).

## FIRST CAUSE OF ACTION
**(Violations of Electronic Fund Transfer Act, 15 U.S.C. §1693, *et seq*.)**
**[Against All Defendants]**

30.    Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

31.    This claim arises under the Electronic Fund Transfer Act (EFTA) and Regulation E because it related to fraudulent and unauthorized electronic fund transfers.

32.     The ways in which Defendant Bank of America and its agents and subsidiaries violated the EFTA and Regulation E include but are not limited to the following:

     a.  Failing to limit Plaintiff's liability for the fraudulent and unauthorized electronic fund transfers in accordance with the EFTA and Regulation E;

     b.  Failing to conduct a good-faith investigation after Plaintiff notified Bank of America of unauthorized charges to her account;

     c.  Failing to provide Plaintiff, within three business days after the conclusion of its investigation with an explanation of Bank of America's findings; and

     d.  Failing to provide Plaintiff with copies of documentation that Bank of America relied upon to reach its determination that there was no error or fraud.

33.     These actions are in violation of 15 U.S.C. §§ 1693f and 1693f and 12 C.F.R. §§ 1005.6 and 1005.11.

34.     As a direct and proximate result of Defendants' violations of the EFTA and Regulation E, Plaintiff has sustained actual damages, plus such other damages as may be determined by the Court.  Plaintiff is entitled to recover actual damages, plus an additional sum of between $100 and $1,000, the costs of this action, and a reasonable attorney's fee.  15 U.S.C. §1693m.

35.     As a direct and proximate result of Defendants' violations of EFTA and Regulation E, Plaintiff suffered, and continues to suffer, compensable harm, including actual damages and emotional distress.

36.     Because Defendants lacked a reasonable basis for denying Plaintiff's fraud claim, Plaintiff is also entitled to recover treble damages under §1693f(e).

///

**SECOND CAUSE OF ACTION**
**(Violations of UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**
**[Against All Defendants]**

37.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

38.     The UCL prohibits anything that constitutes an unfair, unlawful or deceptive business practice.  Bus. & Prof. Code §17200.  The UCL authorizes a private right of action by anyone who has suffered injury in fact and allows recovery of amounts which may be necessary to restore to any person in interest any money or property which may have been acquired by means of any practice that violates the UCL.  Bus. & Prof. Code §17203.

39.     The "unlawful prong" of the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. Here, Defendants have violated the unlawful prong of the UCL because they violated EFTA.

40.     As a result of Defendants' unlawful practices – the violations of EFTA, Plaintiff has suffered injury in fact and lost money or property in that had Defendants conducted a good-faith investigation of the Claim, limited Plaintiff's liability and provided documentation to support their determination, Plaintiff would not have sustained actual damages and emotional distress.

41.     In addition, Defendants have committed unfair and deceptive business practices in violation of the UCL in that they to limit Plaintiff's liability for the fraudulent and unauthorized transactions that were part of the Claim, to conduct a good-faith investigation of the Claim and provide copies of documentation that they had relied upon to reach their determination.  These practices were deceptive in that they were likely to deceive Plaintiff about her rights.  They were also unfair in that they offended established public policy and the harm caused to Plaintiff greatly outweighs any benefits associated with these practices.  As a direct and proximate

result of these unfair and deceptive practices, Plaintiff has suffered injury in fact and lost money or property in which she has a vested interest and is thus entitled to restitution, as well as injunctive relief.

## THIRD CAUSE OF ACTION
### (Financial Elder Abuse, Cal. Welfare & Institutions Code §15610, *et seq.*)
### [Against All Defendants]

42.    Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

43.    Plaintiff was born in 1941.  During all times relevant to this Complaint, Plaintiff has been over 65 years old.  Therefore, Plaintiff is an "elder" as defined by California Welfare and Institutions Code §15610.27.

44.    Financial abuse of an elder occurs when any person or entity "takes, secretes, appropriates, obtains or retains… property of an elder… for a wrongful use or with intent to defraud, or both" or assists in doing so.  §15610.30.  A "wrongful use" is found when the person or entity "knew or should have known that this conduct is likely to be harmful to the elder."

45.    Upon information and belief, the ways in which Defendant Bank of America and its agents and subsidiaries committed financial elder abuse include but are not limited to the following:

       a.   Failing to limit Plaintiff's liability for the fraudulent and unauthorized electronic fund transfers in accordance with the EFTA and Regulation E;

       b.   Failing to conduct a good-faith investigation after Plaintiff notified Bank of America of unauthorized charges to her account;

       c.   Failing to provide Plaintiff, within three business days after the conclusion of its investigation with an explanation of Bank of America's findings; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    d.  Failing to provide Plaintiff with copies of documentation that Bank of America relied upon to reach its determination that there was no error or fraud.

46.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained actual damages, plus such other damages as may be determined by the Court.

47.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered, and continues to suffer, compensable harm, including actual damages and emotional distress.

48.    Because Defendants lacked a reasonable basis for denying Plaintiff's fraud claim, Plaintiff is also entitled to recover exemplary and punitive damages.

### **FOURTH CAUSE OF ACTION**
**(Negligence)**
**[Against All Defendants]**

49.    Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

50.    Defendants had a legal duty to limit Plaintiff's liability for the fraudulent and unauthorized transactions that were part of the Claim, to conduct a good-faith investigation of the Claim and provide copies of documentation that they had relied upon to reach their determination.

51.    As alleged throughout this Complaint, Defendants breached these duties.

52.    As a direct and proximate result of Defendants' negligent conduct, Plaintiff has sustained actual damages, plus such other damages as may be determined by the Court.  Had Defendants conducted a good-faith investigation and limited Plaintiff's liability in accordance with the law, Plaintiff would not have been held responsible for the unauthorized charges and related account fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

53.     Defendants' negligence was a substantial factor in causing Plaintiff's harm.

54.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered, and continues to suffer, compensable harm, including actual damages and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For general and special damages according to proof;

2.     For exemplary and punitive damages;

3.     For statutory damages and restitution;

4.     For reasonable attorneys' fees and costs of suit;

5.     For an injunction requiring Defendants to cease and desist from pursuing, or to correct, negative action against Plaintiff, including their negative reporting to consumer reporting agencies, as a result of their own failures to comply with the Electronic Fund Transfer Act, Regulation E, and their own account agreement.

7.     For pre-judgment and post-judgment interest;

8.     For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated:  March 11, 2019

                                    **BULGUCHEVA LAW, p.c.**

                              By: */s/ Lilia Bulgucheva*
                                    Lilia Bulgucheva, Esq.

                                    *Attorneys for Plaintiff*

- 12 -